**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

DISH NETWORK L.L.C.,    )
           ) Case No. 1-19-cv-00542-CMH-MSN
    Plaintiff,   )
           )
 v.        )
           )
MOHAMMAD ATTYAH, individually and )
d/b/a Tarboosh TV,    )
           )
    Defendant.  )

**JOINT PROPOSED DISCOVERY PLAN AND RULE 26(F) CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 26(f)(3), Plaintiff DISH Network L.L.C ("Plaintiff") and Defendant Mohammad Attyah ("Defendant"; Plaintiff and Defendant collectively referred to as the "Parties") respectfully submit this proposed discovery plan. Counsel for the Parties conferred pursuant to Rule 26(f) on **July 16, 2019** via telephone to consider the nature and basis of the claims, defenses, and possibility of prompt settlement or resolution of this case, to consider trial before a Magistrate, and to discuss their respective views on how discovery should proceed in this action. The Parties submit this Joint Proposed Discovery Plan and Rule 26(f) Certification pursuant to Fed. R. Civ. P. 26(f)(2) and Local Civil Rule 26(A).

  1.  **Fed. R. Civ. P. 26(f)(3)(A) – Initial Disclosures**

The Rule 26(a) disclosures shall be augmented as follows:

  A.  The Parties agree to exchange initial disclosures in full conformity with Fed. R. Civ. P. 26(a)(1)(A) by **July 29, 2019**.

  B.  This Discovery Plan shall not be construed to limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures consistent with the Federal Rules.

  2.  **Fed. R. Civ. P. 26(f)(3)(B) – Timing and Subjects of Discovery**

  A.  The Parties propose that all discovery shall be completed by **February 7, 2020,** or as otherwise set forth in any order of this Court pursuant to Local Civil Rule 16(B).  The Parties agree that discovery should not be conducted in phases or limited to any particular issues.

B.      Any motion or request for joinder of any additional parties shall be made no later than **October 16, 2019**.

C.      The Parties agree that each will provide or make all materials obtained from third parties pursuant to Fed. R. Civ. P. 45 available to the other party within five (5) business days of receipt.

D.      Plaintiff intends to conduct discovery on at least the following subjects:

a.      Design and operation of the Tarboosh service;

b.      Distribution of content on the Tarboosh service;

c.      Manufacture, distribution, and sale of Tarboosh set-top boxes, smart TV subscriptions, apps, and account renewals;

d.      Marketing of the Tarboosh service, boxes, smart TV subscriptions, apps, and account renewals;

e.      Interactions with users of the Tarboosh service, boxes, smart TV subscriptions, apps, and account renewals;

f.      Channels transmitted on the Tarboosh service;

g.      Rights claimed by Defendant or Tarboosh TV with respect to channels transmitted on the Tarboosh service, if any;

h.      Infringement notices regarding the Tarboosh service and boxes;

i.      Profits relating to the Tarboosh service, boxes, smart TV subscriptions, apps, and account renewals;

j.      Financial transactions relating to the Tarboosh service, boxes, smart TV subscriptions, apps, and account renewals;

k.      Financial condition of Defendant and Tarboosh TV; and

l.      Defendant and Tarboosh TV's alleged infringement of Plaintiff's copyrights.

E.      Defendant intends to conduct discovery on at least the following subjects:

a.      All allegations set forth in the Complaint [DE 1] and any amendments thereto filed by Plaintiff;

b.      Rights claimed by Plaintiff with respect to television channels licensed and assigned to and transmitted by Plaintiff;

c.      Copyright registrations owned by Plaintiff and any licensing agreements related thereto;

d.      Distribution and licensing contracts and/or agreements relating to the Networks and Protected Channels, as identified in paragraphs 9 through 11 of the Complaint [DE 1];

e.      Contracts and/or agreements relating to the distribution and public performance rights held by Plaintiff regarding unregistered copyrighted works also aired on the Protected Channels, as identified in paragraph 11 of the Complaint [DE 1];

f.      Marketing of the Networks and Protected Channels, Plaintiff television service(s), boxes, subscriptions, apps, and account renewals;

g.      Notices of Infringement claimed by Plaintiff to have been sent to Defendant by Plaintiff and Networks;

h.      Notices of Infringement claimed by Plaintiff to have been sent to content delivery networks ("CDNs") by Plaintiff and Networks;

i.      Any and all information obtained by Plaintiff's investigator regarding Defendant and/or the Tarboosh Service, as identified in paragraph 27 of the Complaint [DE 1];

j.      Evidence of standing as to the purported infringement of certain works of Plaintiff that bore no copyright registration in the United States at the time this action was filed as required and further set forth in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*; and

k.      Evidence supporting assertions of the first publication and creation of the programs of the Protected Channels.

F. The Parties agree that discovery of confidential, proprietary, trade secret and/or commercially sensitive information is likely to occur, and that production of documents, things, or testimony containing or reflecting such information shall occur under a protective order. Counsel agree to discuss entry of a stipulated protective order. Plaintiff shall circulate a proposed draft that includes provisions for producing documents and things for attorneys' eyes only. The Parties will then work together to agree on a protective order consistent with the requirements of the Local Rules and in accordance with Federal Rule of Evidence 502(d).

G. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, and counsel will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the Parties and on any third parties.

**3. Fed. R. Civ. P. 26(f)(3)(B) – ESI**

A. <u>General Document Format</u>. The Parties will produce documents, whether originating in electronic or hard copy format, as a PDF file on a DVD disk or thumb drive, or via a Workshare (i.e., Box.com or Drop Box) or by other agreed electronic means, unless either party provides notice that production should occur in an alternate format, and the basis for deviating from the agreed upon form of production. The Parties will then confer and agree on the proposed alternative format prior to the production of any material. When a document is produced, the producing party shall maintain a separate file as a native file, which will not be modified in any manner that changes the file.

B. <u>Text-Searchable Documents</u>. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. <u>Footer.</u> Each document image when possible shall contain a footer with the party or non-party's name and a sequentially ascending production number.

D.    Native Files.  A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format by demonstrating a particularized need for such production, and upon receipt of such a request, the producing party shall produce the document in its native format.  Native files need not include a footer with the production number as specified above, but must be identified with a production number, which may include one production number applicable to an entire file as specified in the file name.  If a producing party produces native files in a format not easily identifiable or accessible to a receiving party, the producing party must identify a publicly-available tool or program that can open the native file, or otherwise provide the receiving party with the means to access the native file.  If the producing party desires to redact any content from the native file for privilege or protection as work product, then the producing party must indicate that the file was redacted and retain an original, unmodified file.  The production of any document in native format must be done in a manner that preserves the integrity of the file.

E.    No Spoliation and Disagreement. The Parties acknowledge that they are required to preserve relevant electronically stored information. If any disagreement arises regarding electronically stored information, the Parties agree to confer in good faith and if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

**4.    Fed. R. Civ. P. 26(f)(3)(D) – Attorney-Client Privilege and Work Product**

A.    The Parties agree that communications between any party and its litigation counsel related to this action, documents and things created by or for a party's litigation counsel in anticipation of this action, and documents and things created after the date of the filing of the Complaint (excluding documents presented to expert witnesses pursuant to FRCP 26) need not be identified on any privilege log. The party responding to discovery shall provide a privilege log which include the identifying number of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion.

5

B.     The inadvertent, accidental, mistaken or erroneous production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put at issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  The producing party shall notify the receiving party in writing of any such inadvertent, accidental, mistaken or erroneous production as soon as reasonably possible after the producing party becomes aware of it.  Upon receipt of such notice, the receiving party shall, within five (5) business days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.

Unless otherwise obtained through legitimate means, no use shall be made of such inadvertently produced or disclosed material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request that it be returned. The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed material, but the motion shall not assert as a ground the fact of the inadvertent production or disclosure.

The foregoing provisions regarding inadvertent disclosure are intended as a supplement to the protections provided in Federal Rule of Evidence 502 and Fed. R. Civ. P. 26(b)(5)(B).

**5.     Fed. R. Civ. P. 26(f)(3)(E) – Limitations on Discovery**

The Parties agree to conduct discovery in accordance with the Fed. R. Civ. P. and Local Rules of this Court. At this time, the Parties do not request that the limitations imposed upon discovery by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Virginia be changed or that additional limitations upon discovery be imposed.

**6.     Trial Exhibits**

Objections to trial exhibits must be filed on or before such date as set forth in any order of this Court pursuant to Local Civil Rule 16(B).

**7.      Daubert Motions, Motions in Limine**

Daubert motions and/or motions in limine shall be filed on or at least 30 days before the trial date.  Briefs in opposition shall be filed in accordance with this Court's Local Civil Rules.

**8.      Expert Disclosures**

The parties propose, in accordance with the timing set forth in the Local Civil Rules, the following deadlines:

A.      The party that carries the burden of proof on a given claim shall serve expert disclosures required by Fed. R. Civ. P. 26(a)(2) by **December 9, 2019**.

B.      Rebuttal expert reports shall be served by **January 8, 2020**.

C.      Reply expert reports shall be served by **January 23, 2020**.

**9.      Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses.**

The Parties agree that all pleadings, motions, and other papers that are filed are to be served on the other party electronically as provided in the Federal Rules and Local Rules. In addition, the Parties agree to serve by email, or electronic format on an editable CD or thumb drive, all discovery requests and written responses that are not filed. When serving by email, the serving party shall attach the pleading or paper in "Portable Document Format" (.pdf) or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an email attachment is impractical, then those materials shall be served by overnight via service with the ability to "track" deliveries and verify receipt or via a Workshare (i.e., Box.com or Drop Box) or other comparable web hosting service agreeable to the parties. Service of discovery requests, objections and responses by e-mail prior to 11:59 p.m. Eastern Time shall be the equivalent of service by hand that day for purposes of Rules 5 and 6. If service by overnight courier has been used for these papers, it will be the equivalent of service by hand on the date of receipt.

**10.     Modification**

The parties agree that a party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

**11.     Settlement Conference**

The parties will be discussing the possibility of settlement on this matter. The court will be notified if a settlement is reached. The parties may request a settlement conference in this case. The Court may refer the parties to consult with the Magistrate Judge or another regarding settlement.

**12.     Summary Judgment**

The parties agree that any summary judgment motions shall be filed within 30 days of the close of discovery.  Briefs in opposition to summary judgment and reply briefs shall be filed on or before the deadlines as set forth in the Local Rules or any Order of the Court.

**13.     Final Pretrial Conference**

Pursuant to this Court's Scheduling Order, the Final Pretrial Conference will be held on the date set forth in this Court's Scheduling Order under Local Civil Rule 16(B). The parties understand that the Court will set the trial date at the Final Pretrial Conference. The parties agree to file Rule 26(a)(3) disclosures and a list of exhibits to be used at trial, a list of witnesses to be called at trial and a written stipulation of uncontested facts on or before Final Pretrial Conference.

**14.     Trial**

A.     The parties do not wish to proceed before a Magistrate Judge, except, as noted, with respect to settlement conferences.

B.     A jury trial has been demanded.

**15.     Fed. R. Civ. P. 26(f)(3)(F) – Other Orders**

The Parties do not request any other orders under Fed. R. Civ. P. 26(c) or 16(b) at this time. The Parties will confer on an agreed protective order governing discovery, as necessary.

The Parties waive an oral hearing on the initial pretrial conference.

Dated:  July 30, 2019                         Respectfully submitted,


/s/ Bradshaw Rost
Bradshaw Rost, Esq., VSB Bar #27134
Tenenbaum & Saas, P.C.
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815
(301) 961-5300 – Tel
(301) 961-5395 – Fax
brost@tspclaw.com

Stephen M. Ferguson, Esq. (*pro hac vice*)
Hagan Noll & Boyle, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
(713) 343-0478 – Tel
(713) 758-0146 – Fax
stephen.ferguson@hnbllc.com

*Attorneys for Plaintiff DISH Network L.L.C.*


/s/ Robert Powers
Robert Powers, Esq.
Claudia Lopez-Knapp, Esq.
Andrea Harris, Esq.
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile: (703) 828-0205
Email:  rpowers@mcplegal.com
        clopezknapp@mcplegal.com
        aharris@mcplegal.com
        pghale@mcplegal.com

*Attorneys for Defendant Mohammad Attyah*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2019, a true and correct copy of this Joint Discovery Plan was filed with the Clerk of the Court using the CM/ECF system, which will send a notification of the electronic filing (NEF) to the following:

Robert Powers, Esq.
Claudia Lopez-Knapp, Esq.
Andrea Harris, Esq.
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
rpowers@mcplegal.com
clopezknapp@mcplegal.com
aharris@mcplegal.com
pghale@mcplegal.com

*Attorneys for Defendant Mohammad Attyah*

/s/ Bradshaw Rost
Bradshaw Rost, Esq., VSB Bar #27134
Tenenbaum & Saas, P.C.
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815
(301) 961-5300 – Tel
(301) 961-5395 – Fax
brost@tspclaw.com